■ HANNAH K. SCHWARTZ, Respondent, v. SAMUEL J. WIKLER et al., Defendants, and IRVING SHAPIRO et al., Appellants.— Appeal by defendants Shapiro and Royal Abstract Corp. from two orders of the Supreme Court, Westchester County, dated May 29, 1968 and July 11, 1968, respectively, as follows: (1) as limited by appellants' brief, from so much of the first order as (a) denied their motions, *inter alia*, to dismiss the complaint and to vacate plaintiff's notice to examine them before trial and (b) granted plaintiff's cross motion to examine them before trial, with leave to appellants to serve a notice to examine plaintiff after the conclusion of the examination of all the defendants; and (2) from all of the second order, which, *inter alia*, denied appellants' motion, made on additional facts, for reconsideration of their motion to dismiss the complaint. Order dated May 29, 1968, modified, on the law and the facts, by (1) inserting in the first ordering paragraph thereof, after the word "denied", the following: "except that the motion of defendants Shapiro and Royal Abstract Corp. to vacate plaintiff's notice to examine them is granted"; (2) striking out of the second ordering paragraph the word "granted" and substituting therefor the word "denied"; (3) striking appellants' names from the third ordering paragraph; and (4) limiting the references to "defendants" in the fourth ordering paragraph to the defendants other than appellants. As so modified, order affirmed insofar as appealed from, with $10 costs and disbursements to appellants. Order dated July 11, 1968 modified, on the law and the facts, by striking out the second ordering paragraph. As so modified, order affirmed, without costs. In our opinion, appellants' motion to vacate

plaintiff's notice of examination before trial should have been granted on the ground that the notice, although served more than 20 days after service of the complaint, was improperly served before appellants' time to answer had expired. Appellants' time to answer had been extended, under CPLR 3211 (subd. [f]) until 10 days after service of notice of entry of the order denying their motion to dismiss the complaint. The notice was served while the motion was pending (CPLR 3106, subd. [a]; *Williams* v. *Weissberg Corp.*, 24 A D 2d 940; *Fund of Funds* v. *Waddell & Reed*, 26 A D 2d 809; CPLR 3214, subd. [b]). We are further of the opinion that the circumstances herein are not such as to warrant disturbing the normal order of priority in examination as between plaintiff and appellants. On the contrary, in view of the ambiguous terms of the complaint insofar as it relates to appellants, the latter are entitled to priority. Beldock, P. J.; Christ, Rabin, Benjamin and Martuscello, JJ., concur.